UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR BRAKE and
DEANNA BRAKE,

    Plaintiffs,

v.                        CASE NO: 8:10-cv-338-T-33TGW

WELLS FARGO FINANCIAL
FLORIDA, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. # 5) and Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. # 18). Plaintiffs filed responses in opposition thereto (Docs. # 9 and 14, respectively).

Having considered the motions and being otherwise fully advised, the Court finds that Defendant's Motion to Dismiss Plaintiffs' Complaint is due to be granted and the complaint dismissed for failure to state a claim, and Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. # 18) is due to be denied.

The allegations in Plaintiffs' Complaint stem from a mortgage loan that Plaintiffs entered into with Defendant on October 10, 2007, for $265,192.75. The Complaint contains

fifteen counts and is predicated on the single factual allegation that an unidentified person at Wells Fargo orally represented to Plaintiffs on an unidentified date that "in two months [Wells Fargo] would modify the loan, unconditionally, on favorable terms to the Plaintiffs." Compl., Doc. # 2 at ¶ 10.

After careful consideration, the Court finds that Defendant's Motion to Dismiss is well-taken and is due to be granted in its entirety for the reasons argued therein. The Court notes that although it is very tempting to also grant Defendant's Motion for Sanctions, the Court is inclined to deny the motion in light of its ruling on the Motion to Dismiss. The Court finds that further sanctions are not warranted.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. # 5) is **GRANTED.** Plaintiffs' Complaint is

---

[1] Plaintiffs argue that their suit cannot be frivolous in its entirety because Count XIV (Violation of Florida Consumer Collection Practices Act) has never been objected to or been the subject of a motion to dismiss. (Doc. # 14 at 5). Defendant, however, did, in fact, move to dismiss Count XIV in its Motion to Dismiss (Doc. # 5 at 18), and Plaintiffs did, in fact, respond thereto (Doc. # 9 at 19-20).

dismissed with prejudice for failure to state a claim for the reasons stated in Defendant's motion.

(2) Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. # 18) is **DENIED**.

(3) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of September, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

3